UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CARLOS MONTES Jr.,

                            Plaintiff,

       - v -                                    1:24-CV-985
                                                        (AMN/DJS)

ALBANY COUNTY, *et al.*,

                            Defendants.
_____

**APPEARANCES:**                                  **OF COUNSEL:**

CARLOS MONTES Jr.
Plaintiff, *Pro Se*
Albany, New York 12201

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER[1]

      The Clerk has sent the undersigned Plaintiff's civil Complaint for review pursuant to 28 U.S.C. § 1915(e). Dkt. No. 1, Compl. Plaintiff has not paid the filing fee, but instead submitted a Motion to Proceed *in forma pauperis*. Dkt. No. 2. The Complaint asserts claims for coercion, false imprisonment, improper documentation, violation of the American with Disabilities Act ("ADA"), and kidnapping. Compl. at ¶¶ 15-41.

---

[1] This matter was referred to the undersigned pursuant to L.R. 72.3(d).

## I. SUFFICIENCY OF THE COMPLAINT

### A. Governing Legal Standard

28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with his action *in forma pauperis*. *See id.* In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted). "Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice." *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991).

### B.  Summary of the Complaint

Plaintiff alleges that on July 11, 2024 he appeared in Albany County Family Court to file a petition for custody of his daughter. Compl. at ¶ 6. When the petition

3

was denied the same day, Plaintiff became frustrated and approached court security guards to discuss the matter. *Id.* at ¶ 7. The "discussion" escalated and resulted in Plaintiff being detained. *Id.* at ¶ 8. Family court security guards then charged Plaintiff with two minor infractions and called local police to arrest him. *Id.* at ¶ 9. When local police refused to do so, court personnel charged Plaintiff with obstruction of government administration, disorderly conduct, and resisting arrest—all misdemeanors that prompted local police to arrest Plaintiff. *Id.* at ¶¶ 12-14. Upon arrest, Plaintiff was handcuffed over his objection that being cuffed could aggravate his pre-existing injuries to his arms and medically documented epilepsy. *Id.* at ¶¶ 10-11. When Plaintiff arrived at the police station, he maintains that there was confusion about his arrest paperwork and documentation. *Id.* at ¶ 13.

### C. Analysis of the Complaint

#### 1. *State Criminal Statutes*

The Complaint appears to assert various claims under state criminal statutes. *See, e.g.*, Compl. at ¶¶ 18, 26, & 38. The Complaint, however, "identifies no statutory basis for a private right of action under the alleged criminal statutes." *Jones v. Connecticut Superior Ct.*, 722 F. App'x 109, 110 (2d Cir. 2018). Courts have found no cause of action to exist as to each of these claims. *Khurana v. Wahed Inv., LLC*, 2019 WL 1430433, at *14 (S.D.N.Y. Feb. 26, 2019), *report and recommendation adopted*, 2019 WL 1432589 (S.D.N.Y. Mar. 29, 2019) (N.Y. Penal Law § 135.60); *Canning v.*

4

*Hofmann*, 2015 WL 6690170, at *8 (N.D.N.Y. Nov. 2, 2015) (N.Y. Penal Law § 135.00); *Watson v. City of New York*, 92 F.3d 31, 37 (2d Cir. 1996) (N.Y. Crim. Proc. Law 4 140.20(1)).  The Court, therefore, recommends that these claims be dismissed.

### 2.  *Claims Regarding Medical Issues and Treatment*

Plaintiff also argues that the police officers' refusal to remove Plaintiff's handcuffs after he informed them that he had previous arm injuries and epilepsy constituted violations of the ADA, the Eighth Amendment, and N.Y. Correction Law § 137.  Compl. at ¶¶ 30-33.

Title II of the ADA provides in relevant part that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  A "disability" is defined as a "physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A).  In general, plaintiffs who seek to state a claim for disability discrimination under the ADA must establish "that (1) they are 'qualified individuals' with a disability; (2) that the defendants are subject to the ADA; and (3) that plaintiffs were denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or were otherwise discriminated against by defendants, by reason of plaintiffs' disabilities." *Henrietta D. v. Bloomberg*, 331 F.3d 261, 272-73 (2d Cir. 2003).

Under Title II of the ADA, a defendant discriminates when it fails to make a reasonable accommodation that would permit a qualified disabled individual "to have access to and take a meaningful part in public services." *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 85 (2d Cir. 2004), *opinion corrected on other grounds*, 511 F.3d 238 (2d Cir. 2004). "There are two main scenarios in which an arrest made by an officer of a covered agency can violate Title II of the ADA. First, failure to take account of a person's disability can result in wrongful arrest, where police wrongly arrest someone with a disability because they misperceive the effects of that disability as criminal activity. Second, even where an arrest is appropriate, officers may fail to provide reasonable accommodation, where they fail to reasonably accommodate the person's disability in the course of investigation or arrest, causing the person to suffer greater injury or indignity in that process than other arrestees." *Durr v. Slator*, 558 F. Supp. 3d 1, 27-28 (N.D.N.Y. 2021) (internal quotation marks and citations omitted).

"Not every impairment is a 'disability' within the meaning of the ADA." *Williams v. N.Y.C. Dep't of Educ.*, No. 18-CV-11621, 2020 WL 906386, *4 (S.D.N.Y. Feb. 25, 2020) (quoting *Capobianco v. City of New York*, 422 F.3d 47, 56 (2d Cir. 2005)). "[A] qualifying disability 'must limit a major life activity and the limitation must be substantial.'" *O'Hara v. Bd. of Coop. Educ. Servs., S. Westchester*, 2020 WL 1244474, *12 (S.D.N.Y. Mar. 16, 2020). Accordingly, "[t]o successfully plead a qualifying disability under the ADA, a plaintiff 'must allege which major life activity or

6

activities their impairment substantially affects.'" *Langella v. Mahopac Cent. Sch. Dist.*, 2020 WL 2836760, *9 (S.D.N.Y. May 31, 2020) (quoting *Laface v. E. Suffolk BOCES*, 2020 WL 2489774, *10 (E.D.N.Y. May 18, 2020)). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A).

Here, Plaintiff alleges that his disabilities consist of epilepsy and injury/surgery to his arms. Compl. at ¶¶ 30-31. While courts have recognized that epilepsy can constitute a qualifying disability, *Tardif v. City of New York*, 991 F.3d 394, 404 (2d Cir. 2021), nowhere in his Complaint does Plaintiff allege which major life activities this disability interfered with, specifically given the nature of the claims. He has also failed to do so with respect to his non-permanent surgical issues. Due to the absence of such allegations, the Court is unable to determine whether Plaintiff possesses a qualified disability necessary to state an ADA claim.

As to the remaining claims, it is well-settled that the Eighth Amendment does not apply to pre-trial detainees. *See, e.g.*, *Cuoco v. Moritsugu*, 222 F.3d 99, 106 (2d Cir. 2000). Accordingly, a mere arrestee, like Plaintiff, cannot state an Eighth Amendment claim. Plaintiff's claim under Correction Law section 137 should also be dismissed. It is unclear that this section of the Corrections Law applies to local correctional personnel or that a private right of action exists under it. *Correa v. Lynch*, 2021 WL 2036697, at

7

*8 (S.D.N.Y. May 20, 2021). Moreover, even assuming a private right of action under Corrections Law section 137, Plaintiff has not alleged that he filed a notice of claim regarding this state law claim. The failure to make such an allegation warrants dismissal. *Atkins v. Cnty. of Orange*, 251 F. Supp. 2d 1225, 1234-35 (S.D.N.Y. 2003).

### 3. False Imprisonment

Plaintiff asserts that his detention prior to his arrest amounted to false imprisonment and violated the Fourth Amendment. Compl. at ¶¶ 23 & 40. Construing the allegations to assert claims both under section 1983 and state law, *see, e.g.*, *Zarkower v. City of New York*, 461 F. Supp. 3d 31 (E.D.N.Y. 2020); *Broughton v. State of N.Y.*, 37 N.Y.2d 451 (1975), Plaintiff pleads sufficient allegations to state a claim for Fourth Amendment violation. He sufficiently alleges that he was detained both before police came to arrest him and then for four additional hours upon arrest. Compl. at ¶ 41 and p. 18. He also alleges that he was detained without legal basis as court officers scrambled to add charges that would get him arrested. *Id.* at ¶ 16. These allegations are sufficient to require a response from Defendants.

### 4. Albany County as a Defendant

In his Complaint, Plaintiff names Albany County as a Defendant in this matter. Compl. at p. 1. To properly plead that the County is liable for the acts alleged, Plaintiff must allege "an unconstitutional policy that would support a claim of municipal liability [or] offer . . . evidence of a purported policy, practice, or custom" of the County that

resulted in the harm alleged. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978); *Fergerson v. Dep't of Educ. of City of N.Y.*, 2011 WL 308269, at *3 (S.D.N.Y. Jan. 31, 2011). Because Plaintiff has failed to do so here, the Court recommends dismissal of the County Defendant.

### D. Leave to Amend

"[A] court should not dismiss a complaint filed by a pro se litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tompkins Cnty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)). The deficiencies identified above regarding Plaintiff's ADA claim could potentially be rectified by more detailed pleading and so the Court recommends that this portion of the Complaint be dismissed, but that Plaintiff be afforded an opportunity to amend. As to the other deficiencies identified above, no new pleading could rectify them and so dismissal should be with prejudice. Plaintiff is advised that any such amended complaint shall supersede and replace in its entirety the previous Complaint filed by Plaintiff. If this recommendation is accepted and Plaintiff is permitted to amend his Complaint, Plaintiff is further warned that the failure to submit an amended complaint could result in dismissal of this action.

### III. CONCLUSION

For the reasons stated herein, it is hereby

9

**RECOMMENDED**, that Plaintiff's claims under the ADA be **DISMISSED with leave to amend**; and it is further

**RECOMMENDED**, that Plaintiff's claims under the New York Criminal Procedure, Penal, and Corrections Law be **DISMISSED with prejudice**; and it is further

**RECOMMENDED**, that Plaintiff's state and federal claims for false arrest be permitted to proceed and that Defendants be directed to respond to them; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. <ins>**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**</ins>. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: September 19, 2024
       Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).