UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CARLOS J. MONTES, JR.,

                Plaintiff,

    v.                                          1:24-CV-985 (AMN/DJS)

ALBANY COUNTY, *et al.*,

                Defendants.

---

**APPEARANCES:**                                      **OF COUNSEL:**

**Carlos Montes Jr.**
Albany, New York 12201
Plaintiff, *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

**ORDER**

**I.    INTRODUCTION**

        On August 12, 2024, Plaintiff *pro se* Carlos Montes Jr. commenced this action and asserted claims of coercion, false imprisonment, improper documentation, a violation of the Americans with Disabilities Act ("ADA") and kidnapping against Albany County, the Albany County Sheriff, the Albany County Family Court Officers, Captain Guillermo Oliver, Sgt. Vincent Ballesher, Officer Shevax Thomas, Officer Daniel Weaver, and Officer Thomas Muller. Dkt. No. 1. Plaintiff did not pay the filing fee and sought leave to proceed *in forma pauperis* ("IFP"). Dkt. No. 2. This matter was referred to Magistrate Judge Daniel J. Stewart, who, on September 19, 2024, granted Plaintiff's motion for leave to proceed IFP. Dkt. No. 5.

        Also on September 19, 2024, after conducting an initial review of the Complaint pursuant to 28 U.S.C. § 1915(e), Magistrate Judge Stewart issued an Order and Report-Recommendation

(i) recommending that Plaintiff's claims under the ADA be dismissed with leave to amend; and (ii) recommending that Plaintiff's claims under the New York Criminal Procedure, Penal, and Corrections Law be dismissed with prejudice, and (iii) recommending that Plaintiff's state and federal claims for false arrest be permitted to proceed. Dkt. No. 6 ("Report-Recommendation"). Magistrate Judge Stewart advised that under 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. Dkt. No. 6 at 10.[1]

On October 2, 2024, prior to this Court ruling on the Report-Recommendation, Plaintiff filed an Amended Complaint. Dkt. No. 7.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety. The Court also conducts an initial review of the Amended Complaint and finds that Plaintiff's ADA, deliberate indifference, procedural due process, and NYSHRL claims may proceed, and directs Defendants to respond to them in accordance with this decision.

## II.   STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge, this Court reviews the relevant portions of the report-recommendation for clear error. *See*

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

*Petersen*, 2 F. Supp. 3d at 228-29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 6:21-CV-01138 (MAD/TWD), 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367 (GTS/WBC), 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 22-cv-567, 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### III.  DISCUSSION

#### A.  Report-Recommendation

Because neither party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

Magistrate Judge Stewart construed the Complaint, in part, to assert various claims under

state criminal statutes and the N.Y. Correction Law § 137.  Dkt. No. 6 at 4.  Because the Complaint "identifies no statutory basis for a private right of action under the alleged criminal statutes," the Court agrees with Magistrate Judge Stewart's recommendation to dismiss with prejudice such claims.  *Id.* at 4 (citing *Jones v. Connecticut Superior Ct.*, 722 F. App'x 109, 110 (2d Cir. 2018)) (other citations omitted).  Similarly, Plaintiff fails to show that a private right of action exists as to N.Y. Correction Law § 137.  *See Correa v. Lynch*, 20-CV-02875 (PMH), 2021 WL 2036697, at *8 (S.D.N.Y. May 20, 2021) ("there is no right of action under [N.Y. Correction Law § 137]").  Therefore, the Court agrees with Magistrate Judge Stewart that the claim pursuant to N.Y. Correction Law § 137 should also be dismissed with prejudice.  Dkt. No. 6 at 7-8.

Magistrate Judge Stewart also construed the Complaint as asserting claims under the Eighth Amendment and the ADA based on Plaintiff's treatment upon his arrest.  The Court agrees with Magistrate Judge Stewart that the Eighth Amendment does not apply to pretrial detainees, and thus, such a claim must be dismissed with prejudice.  Dkt. No. 6 at 7 (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 106 (2d Cir. 2000)).  The Court also agrees with Magistrate Judge Stewart's assessment under the ADA and his conclusion that Plaintiff's claim is precluded as a result of his failure to allege interference with major life activities caused by either his epilepsy or the pre-existing injury to his arms.  Dkt. No. 7 at 6-7 (citing *O'Hara v. Bd. of Coop. Educ. Servs., S. Westchester*, No. 18-CV-8502 (KMK), 2020 WL 1244474, *12 (S.D.N.Y. Mar. 16, 2020)) (other citations omitted).  The Court agrees with Magistrate Judge Stewart's decision that Plaintiff should be given an opportunity to replead his claim under the ADA.  Dkt. No. 6 at 9.

Magistrate Judge Stewart also construed the Complaint to assert claims under the Fourth Amendment and state law for false imprisonment.  The Court agrees such claims should be permitted to move forward and finds no clear error in Magistrate Judge Stewart's analysis.  *Id.* at

8. In the original Complaint, Plaintiff alleged that he was detained without legal basis and prior to actual arrest, and that officers scrambled to add charges which could justify his arrest. Dkt. No. 1 at ¶¶ 16, 41. Such allegations are sufficient to advance at this stage.

Finally, Magistrate Judge Stewart concluded that Plaintiff failed to allege "an unconstitutional policy that would support a claim of municipal liability." Dkt. No. 6 at 8 (citing *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978)). The Court agrees and therefore finds no clear error in the recommendation to dismiss the County of Albany as a Defendant.

Having reviewed the Report-Recommendation for clear error, and found none, the Court adopts the Report-Recommendation in its entirety.

### B. Sufficiency of the Amended Complaint

Because Plaintiff filed an Amended Complaint, Dkt. No. 7, in lieu of objecting to the Report-Recommendation, the Court moves on to assess the sufficiency of the Amended Complaint for purposes of 28 U.S.C. § 1915(e). Magistrate Judge Stewart set forth the standard for assessing the sufficiency of a complaint under 28 U.S.C. § 1915(e) in the Report-Recommendation, Dkt. No. 6 at 2-3, and the Court utilizes that same standard now.

#### i. Summary of the Complaint

In summary, the Amended Complaint alleges many of the same facts as the original Complaint. Plaintiff asserts claims pursuant to the ADA, the Fourteenth Amendment through 42 U.S.C. § 1983 ("Section 1983"), and the New York State Human Rights Law ("NYSHRL") against Albany County, the Albany County Sheriff's Office, the Albany Family Court, and the same individual Defendants (collectively, "Defendants"). Dkt. No. 7 at 1, 3-4. Generally, Plaintiff asserts that he has epilepsy and preexisting injuries, and that during the course of his interactions with Defendants on July 11, 2024, Defendants failed to provide reasonable accommodations for

5

his condition, exacerbated his medical condition, and demonstrated deliberate indifference to his serious medical needs.  *Id.* at 2.

On July 11, 2024, Plaintiff alleges that his petition for 50/50 custody of his daughter was denied in Family Court, and afterwards, he told the male officers present that he would only leave upon being removed physically.  *Id.* at 4.  The Amended Complaint alleges that Defendants Oliver, Ballesher, and Thomas then restrained Plaintiff and escorted him to a secure area in the court, where he was handcuffed behind his back despite Plaintiff disclosing to the officers that he had epilepsy and had recently suffered injuries to his neck, shoulders, left knee, and left ankle.  *Id.* at 5-7.  Defendants Oliver, Ballesher, and Thomas allegedly refused to adjust the handcuffs after Plaintiff made his medical condition known.  *Id.* at 6-7.

Later, Plaintiff alleges that members of the Albany County Sheriff's Office arrived, and Plaintiff inquired as to whether the officers were using body cameras.  *Id.* at 9.  Plaintiff alleges that he also reiterated his request for his handcuffs to be repositioned to the front of his body.  *Id.*  Defendants Weaver and Muller allegedly refused.  *Id.* at 10.  Upon being transported to the Sheriff's office, Plaintiff alleges he heard one of the officers make the following remarks: "[y]ou can't forge his name" and "[w]e have to create the arrest records ourselves."  *Id.*  Plaintiff alleges these remarks are evidence of procedural irregularities and violations of his Fourteenth Amendment right to due process.  *Id.*

Upon arrival at the Sheriff's station, Plaintiff alleges that he was shackled to a bench with his feet restrained and finally released from the handcuffs behind his back.  *Id.* at 11.  Plaintiff alleges he was kept there for five to six hours and that he observed a group of officers, including Defendants Weaver and Muller, discuss how to substantiate charges against him.  *Id.*  Finally, Plaintiff alleges that officers twisted his arms in handcuffs while fingerprinting him, causing him

significant pain. *Id.* at 11-12. Plaintiff was released and charged with obstruction of government administration, disorderly conduct, and resisting arrest. *Id.* at 12. The charges were later dismissed, allegedly due to the Sheriff's office's failure to file the necessary paperwork. *Id.*

### ii. Analysis of the Complaint

Plaintiff most explicitly alleges violations of the ADA, deliberate indifference to his serious medical needs under the Fourteenth Amendment, and violations of the New York State Human Rights Law ("NYSHRL"). *Id.* at 13-15.[2] Plaintiff also mentions violations of his procedural due process rights under the Fourteenth Amendment, and the Court construes the Amended Complaint to assert such a claim. Dkt. No. 7 at 8, 10. Plaintiff does not include a false arrest Fourth Amendment claim in the Amended Complaint despite the Report-Recommendation's determination that such a claim could move forward. Dkt. No. 6 at 8. Therefore, the Court finds that Plaintiff has abandoned his claim under the Fourth Amendment.

### 1. Claims Against Albany County and the Albany County Sheriff's Office

Plaintiff includes Defendant Albany County in the Amended Complaint and attempts to rectify the shortcomings of the original Complaint regarding *Monell* liability. This time, Plaintiff alleges Albany County is "sued for its policies, customs, and practices that were the moving force behind the violation of Plaintiff's statutory and constitutional rights." Dkt. No. 7 at 3. Additionally, Plaintiff vaguely refers to the "supervision, discipline, and training" conducted by

---

[2] At certain points in his Complaint, Plaintiff also mentions his Fourteenth Amendment right to equal protection and his Eighth Amendment right against cruel and unusual punishment. *Id.* at 1-2. However, it does not appear that Plaintiff intends to assert claims based on these rights. To the extent such claims exists, the Court finds the allegations to be insufficient to warrant a response from Defendants as to both the equal protection and Eighth Amendment claims and dismisses them with prejudice. *See, e.g., Spiegel v. Adirondack Park Agency*, 662 F. Supp. 2d 243, 252-53 (N.D.N.Y. 2009) (requiring allegations of a similarly situated individual for equal protection claims); *see* Dkt. No. 6 at 7 (dismissing with prejudice the Eighth Amendment claim).

the Sheriff's Office. *Id.* The Amended Complaint also makes passing reference to officers' possible lack of training regarding use of a fingerprinting machine. *Id.* at 11. Finally, Plaintiff's request for relief includes a request that the Defendants "implement and enforce policies, procedures, and training designed to ensure full compliance with the ADA, particularly in the treatment of detainees with known disabilities, including but not limited to epilepsy." *Id.* at 16. Though far from detailed, liberally construed, the Complaint appears to allege that Albany County's lack of training with respect to how to treat, handcuff, and fingerprint detainees with epilepsy resulted in the harms Plaintiff experienced. Such allegations suffice to justify a response from Albany County. *See, e.g., Davis v. Stratton*, 360 Fed. Appx. 182, 183 (2d Cir. 2010) ("We agree that lack of training can, in some circumstances, establish a policy under *Monell*").

The Amended Complaint also makes claims against the Albany County Sheriff's Office. Under the law of the State of New York, "a department of a municipal entity is merely a subdivision of the municipality and has no separate legal existence." *Hoisington v. County of Sullivan*, 55 F. Supp. 2d 212, 214 (S.D.N.Y. 1999). Therefore, "the Sheriff's Department [does not] exist separate and apart from the County, and as a result, [] can[not] be sued." *Sagaria v. Orange Cnty. Jail*, No. 20-CV-2287, 2021 WL 4392422, at *3 (S.D.N.Y. Sept. 24, 2021) (citing *Gleeson v. County of Nassau*, No. 15-CV-6487, 2019 WL 4754326, at *14 (E.D.N.Y. Sept. 30, 2019)). Thus, the Court dismisses the Sheriff's Office as a Defendant with prejudice.

### 2. Claims Against Albany Family Court[3]

In contrast, the Albany County Family Court is "part of the unified court system for the state." *Bliven v. Hunt*, 478 F. Supp. 2d 332, 337 (E.D.N.Y. 2007) (citing The Family Court Act §

---

[3] Despite Plaintiff listing the "Albany Family Court" as a Defendant, the Court construes the Amended Complaint as alleging claims against the Albany County Family Court.

8

113).  Therefore, Plaintiff's claims against the Albany County Family Court "are [generally] barred by sovereign immunity" under the Eleventh Amendment. *Wrobleski v. Bellevue Hosp.*, 13cv8736, 2015 WL 585817, at *2 (S.D.N.Y. Jan. 30, 2015) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)); *see also Gollump v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (finding that the New York State Unified Court system, which the Albany County Family Court is a part of, is an "arm of the state" which is entitled to Eleventh Amendment immunity).

"There are only three exceptions to the general rule that a State and its officers acting on its behalf are immune from suit in federal court." *See Smith v. State University of New York*, 1:00-CV1454(FJS/RFT), 2003 WL 1937208, at *4 (N.D.N.Y. Apr. 23, 2003) (citation omitted).  "These exceptions are that (1) a State may waive its Eleventh Amendment defense, (2) Congress may abrogate the sovereign immunity of the States by acting pursuant to a grant of constitutional authority and (3) under the *Ex parte Young* doctrine, the Eleventh Amendment does not bar a suit against a state official when that suit seeks ... prospective injunctive relief." *Id.* (citing *Winokur v. Office of Court Admin.*, 190 F.Supp.2d 444, 448 (E.D.N.Y.2002)) (internal quotation marks omitted).

The *Ex parte Young* doctrine exception does not apply.  Though under the *Ex parte Young* doctrine, state officials can be sued in federal court in their official capacities where "the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective," such allegations are absent here. *Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 254–56 (2011)). Plaintiff's "alleged injuries stem only from past conduct with no plausible threat of future violations to [himself]". *See Walker v. NYS Justice Center for Protection of People with Special*

*Needs*, 493 F. Supp. 3d 239, 246 (S.D.N.Y. Oct. 8, 2020). Moreover, the Albany County Family Court is not an official but a state entity.[4]

No other exception applies in suits alleging violations of the NYSHRL. *Smith,* 2003 WL 1937208, at *7 ("the Eleventh Amendment bars this Court from adjudicating Plaintiff's New York Human Rights Law claim" against official state entities). Similarly, no other exception applies for claims under the Fourteenth Amendment made pursuant to Section 1983. *See Walker*, 493 F. Supp. 3d at 246 ("Congress did not abrogate the States' sovereign immunity when it enacted §[] 1983 . . . and New York has not waived its immunity") (citing *Mamot v. Bd. of Regents*, 367 F. App'x 191, 192 (2d Cir. 2010)). As such, the NYSHRL and Fourteenth Amendment claims against the Albany County Family Court cannot be sustained.

However, the Second Circuit has ruled that suits against state entities under Section II of the ADA can be sustained under certain circumstances pursuant to the second exception. Such suits may only be sustained where the alleged Title II violation "was motivated by either discriminatory animus or ill will due to disability." *Garcia v. S.U.N.Y. Health Sciences Center of Brooklyn*, 280 F.3d 98, 112 (2d Cir. 2001). Therefore, because Plaintiff has not alleged, and could not reasonably suggest, that the Albany County Family Court officers' conduct was motivated by an animus toward people with epilepsy, the ADA claim may not be sustained against the Albany County Family Court. *Id.*

Because none of the claims may be sustained against it pursuant to the Eleventh Amendment, the Court dismisses the Albany County Family Court from the case with prejudice.

---

[4] To the extent that any of the individual Defendants are employees of the Albany County Family Court, rather than the Albany County Sheriff's Office, they may not be sued in their official capacities for the same reasons. That such claims would be against state officials, rather than a state entity, does not alter the fact that Plaintiff fails to allege facts capable of justifying such claims under the *Ex parte Young* doctrine.

### 3. ADA

Plaintiff has properly amended his claim under the ADA in response to the Report-Recommendation. As Magistrate Judge Stewart explained:

> Title II of the ADA provides in relevant part that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. A "disability" is defined as a "physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). In general, plaintiffs who seek to state a claim for disability discrimination under the ADA must establish "that (1) they are 'qualified individuals' with a disability; (2) that the defendants are subject to the ADA; and (3) that plaintiffs were denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or were otherwise discriminated against by defendants, by reason of plaintiffs' disabilities." *Henrietta D. v. Bloomberg*, 331 F.3d 261, 272-73 (2d Cir. 2003).

Dkt. No. 6 at 5. The ADA "[a]ppl[ies] to [p]olice [i]nteractions [a]t the [s]cene of an [a]rrest." *Williams v. City of New York*, 121 F. Supp. 3d 354, 363 (S.D.N.Y. 2015). "The only reasonable interpretation of Title II [of the ADA] is that law enforcement officers who are acting in an investigative or custodial capacity are performing 'services, programs, or activities' within the scope of Title II." *Id.* at 368.

Courts have found that "[t]here are two main scenarios in which an arrest made by an officer of a covered agency can violate Title II of the ADA. First, failure to take account of a person's disability can result in wrongful arrest, where police wrongly arrest someone with a disability because they misperceive the effects of that disability as criminal activity. Second, even where an arrest is appropriate, officers may fail to provide reasonable accommodation, where they fail to reasonably accommodate the person's disability in the course of investigation or arrest, causing the person to suffer greater injury or indignity in that process than other arrestees." Dkt. No. 6 at 6 (citing *Durr v. Slator*, 558 F. Supp. 3d 1, 27-28 (N.D.N.Y. 2021)). Here, construed liberally, Plaintiff's allegations fit the second scenario: Plaintiff alleges that the individual

Defendants failed to accommodate his epilepsy and injury during the course of the arrest and detainment. Such allegations are sufficient to warrant a response from Defendants.

Magistrate Judge Stewart recommended that the ADA claim in the original Complaint be dismissed with leave to amend because "nowhere in his Complaint [did] Plaintiff allege which major life activities [his] disability interfered with." Dkt. No. 6 at 7. In the Amended Complaint, Plaintiff has corrected his mistake as to epilepsy. He alleges his disability of epilepsy "substantially limits [his] major life activities, including walking, standing, and maintaining cognitive and physical function during seizures." Dkt. No. 7 at 3. Such limitations qualify. *See* 42 U.S.C. § 12102(2)(A) (listing walking, standing, lifting, etc.). Plaintiff has not alleged which major life activities his other injuries impact. Thus, Plaintiff's ADA claim allegations regarding Plaintiff's epilepsy, but not the other alleged injuries, are sufficient to warrant a response from Defendants.[5]

### 4. Fourteenth Amendment Deliberate Indifference

Plaintiff next asserts a claim for deliberate indifference to his medical needs under Fourteenth Amendment due process, which governs such claims for pre-trial detainees. *See Yancey v. Robertson*, 828 F. App'x 801, 803 (2d Cir. 2020) (citing *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017)). "There is both an objective and a subjective component involved in" assessing such a claim. *Jones v. Sheriff of Suffolk Cnty.*, 518 F. Supp. 3d 650, 657 (E.D.N.Y. Feb. 10, 2021).

For the objective component, "Plaintiff must first demonstrate that he had a 'sufficiently serious need' of medical treatment." *Id.* (quoting *Darnell*, 849 F.3d at 29). Plaintiff must show

---

[5] The ADA claim may only be sustained as to Albany County and the individuals in their official capacities as municipal employees. Title II of the ADA does "not provide for individual capacity suit." *Fera v. City of Albany*, 568 F. Supp. 2d 248, 259 (N.D.N.Y. July 20, 2008).

his need had "a condition of urgency, one that may produce death, degeneration, or extreme pain." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). Though not specifically stated in his Amended Complaint, the Court finds that the possibility of experiencing an epileptic seizure while handcuffed with Plaintiff's arms behind his back poses the risk of extreme pain. *See Boomer v. Lanigan*, CIV5540 DLC, 2001 WL 1646725, at *3 (S.D.N.Y. Dec. 17, 2001) (finding "[e]pilepsy, or an epileptic seizure, is a serious condition" and that an injury resulting from an epileptic seizure caused "excruciating pain" which sufficed for stating a deliberate indifference claim). At least one court in this circuit has found that there is a genuine issue of material fact as to a serious medical need where it is unclear whether the Plaintiff was "in the beginning stages of an epileptic fit." *Williams v. M.C.C. Institution*, 97 CIV. 5352(LAP), 1999 WL 179604, at *10 (S.D.N.Y. Mar. 31, 1999). The Amended Complaint alleges that Plaintiff informed Defendants of his epilepsy, not that he was at risk of an imminent epileptic episode. However, the Amended Complaint also references later "stress-induced" seizures in the aftermath of the events in question. Dkt. No. 7 at 8-9. At this early stage, and construing the allegations most favorably to Plaintiff, the Court finds these allegations sufficient to require a response from Defendants.

For the subjective component, Plaintiff must show "the charged official [acted] with a sufficiently culpable state of mind." *Hathaway*, 99 F.3d at 553. "The subjective element requires a state of mind that is the equivalent of criminal recklessness; namely when the [] official 'knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Here, Plaintiff has alleged that he repeatedly informed Defendants of his epilepsy. *See, e.g.*, Dkt. No. 7 at 6-7, 9-10. Again, these allegations are sufficient to require a response from Defendants.

### 5. Fourteenth Amendment Procedural Due Process

Plaintiff also appears to assert a claim under the Fourteenth Amendment right to procedural due process. Plaintiff asserts that Defendants Weaver and Muller made remarks suggesting that they need to "create the arrest records ourselves." Dkt. No. 7 at 10. Plaintiff also alleges officers at the Sheriff's station, including the Defendants responsible for his arrest, were openly deliberating how to substantiate charges against him. *Id.* at 11.

At least one court in this circuit has found that where a plaintiff "alleges . . . [defendants] deliberately delayed processing of paperwork in order to maximize the length of his detention," the Plaintiff has stated a procedural due process claim. *Levantino v. Skala*, 56 F.Supp.3d 191, 204 (E.D.N.Y. 2014) (finding a "detention of fewer than 48 hours may [] be unreasonable if it is unreasonably prolonged, for example, for the purpose of gathering additional evidence to justify the arrest, a delay motivated by ill will against the arrested individual, or delay for delay's sake") (citation omitted). Though far from thorough, the Amended Complaint, liberally construed, alleges that Plaintiff's detention might have been needlessly prolonged due to Defendant officers' effort to substantiate the charges against him. These allegations are sufficient to require a response from Defendants.

### 6. NYSHRL

Finally, Plaintiff asserts a claim of discrimination under the NYSHRL. Dkt. No. 7 at 15. "Protections afforded by the NYSHRL are construed coextensively with the ADA[.]" *Williams v. City of New York*, 121 F. Supp.3d 354, 364 n.10 (S.D.N.Y. 2015) (citing *Loeffler v. Staten Island*

*Univ. Hosp.*, 582 F.3d 268, 277–78 (2d Cir.2009)).  "If Plaintiff can satisfy [his] burden under the ADA, [he] will also satisfy [his] burden under . . . the NYSHRL[.]" *Id.*

Plaintiff alleges Defendants violated his rights under the NYSHRL during his arrest and detainment at the Sheriff's Office by failing to accommodate his medical condition.  Dkt. No. 7 at 15.  Here, as the Court has already ruled, the ADA (and by extension, the NYSHRL) "[a]pply to [p]olice [i]nteractions [a]t the [s]cene of an [a]rrest."  *Id.* at 363.  Thus, given the Court's finding that the allegations in the Amended Complaint are sufficient to require a response as to the ADA claim, they are also sufficient to require a response as to the NYSHRL claim.[6]

### iii.  Leave to Amend

"[A] court should not dismiss a complaint filed by a pro se litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'"  *Bruce v. Tompkins Cnty. Dep't of Soc. Servs. ex rel. Kephart*, 5:14-CV-0941 (GTS/DEP), 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)).

Plaintiff has already been afforded the chance to his amend his Complaint once.  Moreover, the deficiencies identified by this Court indicate that no valid claims might be stated against the Albany County Sheriff's Office and the Albany County Family Court.  Therefore, the dismissal of those Defendants from the case is with prejudice, as is the dismissal of the ADA claims against Defendants in their personal capacities.

---

[6] Unlike the ADA, however, NYSHRL claims can be made against individuals in their personal capacities.  *See Bonaffini v. City University of New York*, 20-cv-5118 (BMC), 2021 WL 2206736, at *1 (E.D.N.Y. June 1, 2021).  Thus, the NYSHRL claims survive against the individual Defendants in their personal capacities.

15

## IV.    CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 6, is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Plaintiff's Amended Complaint, Dkt. No. 7, states non-frivolous claims and that the following claims **SURVIVE initial review and require a response:**

> **Against Albany County and Individual Defendants in their Official Capacity:**
>
> ADA, Deliberate Indifference, Procedural Due Process, and NYSHRL
>
> **Against Individual Defendants in their Personal Capacity:** Deliberate Indifference, Procedural Due Process, and NYSHRL; and the Court further

**ORDERS** that the remainder of the claims are **DISMISSED** from this case with prejudice; and the Court further

**ORDERS** that Defendants Albany County Sheriff's Office and the Albany Family Court are **DISMISSED** from this case with prejudice; and the Court further

**ORDERS** that, Plaintiff's Amended Complaint, Dkt. No. 7, is the operative complaint; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on Plaintiff in accordance with the Local Rules[7]; and the Court further

**ORDERS** that the Clerk shall issue summonses and General Order # 25 and forward them, along with copies of the Amended Complaint, to the United States Marshal for service upon the Defendants; and the Court further

---

[7] The Clerk shall also provide Plaintiff with copies of all unreported decisions herein.

**ORDERS** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court. Plaintiff must comply with requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions; motions will be decided on submitted papers, without oral argument, unless otherwise ordered by the Court. Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any changes in his address; his failure to do so will result in the dismissal of this action.

**IT IS SO ORDERED.**

Dated: October 24, 2024
      Albany, New York

*(signature)*
Anne M. Nardacci
U.S. District Judge