UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CARLOS J. MONTES JR.,

                Plaintiff,

v.                                                   1:24-cv-00985 (AMN/DJS)

ALBANY COUNTY *et al.*,

                Defendants.

---

**APPEARANCES:**                                    **OF COUNSEL:**

**CARLOS J. MONTES JR.**
P.O. Box 10173
Albany, New York 12201
Plaintiff, *pro se*

**HON. LETITIA JAMES**                     **BRIAN W. MATULA, ESQ.**
New York State Attorney General
The Capitol – Litigation Bureau
Albany, New York 12224
*Attorney for Defendant*
*Albany County Family Court Officers*

**Hon. Anne M. Nardacci, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

**I.**     **INTRODUCTION**

On August 12, 2024, Plaintiff *pro se* Carlos J. Montes Jr. ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 1983 ("Section 1983"), Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), and New York State law against Defendant Family Court Officers Captain Guillermo Oliveri (shield number 30), Sergeant Vincent Ballester (shield number

679), Officer Shevar Thomas (shield number 3463),[1] Officer Daniel Weaver (shield number 8360), and Officer Thomas Muller (shield number 6034) (collectively, the "Albany County Family Court Officers"), Albany County Family Court, Albany County Sheriff's Office, and Albany County (together with the Albany Family Court Officers, "Defendants"), in connection with events at Albany County Family Court on July 11, 2024. Dkt. No. 1 ("Complaint"). Plaintiff filed an amended complaint on October 2, 2024. Dkt. No. 7 ("Amended Complaint").

Presently before the Court is the Albany Family Court Officers' motion to dismiss the Amended Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure ("Rule 12"). Dkt. No. 26 ("Motion"). Plaintiff submitted responsive papers in opposition, Dkt. Nos. 31-32, and the Albany Family Court Officers submitted reply papers in further support, Dkt. No. 33.

For the reasons set forth below, the Motion is granted and the Amended Complaint is dismissed without leave to further amend.

## II.   BACKGROUND

Unless otherwise noted, the following facts are drawn from the Amended Complaint, its attachments, or materials it incorporates by reference, and are assumed to be true for purposes of ruling on the Motion, *see Div. 1181 Amalgamated Transit Union-N.Y. Emps. Pension Fund v. N.Y.C. Dep't of Educ.*, 9 F.4th 91, 94 (2d Cir. 2021) (*per curiam*), or are otherwise matters of public record, *see Williams v. N.Y.C. Hous. Auth.*, 816 F. App'x 532, 534 (2d Cir. 2020).

### A. Plaintiff's Factual Allegations

The Court previously detailed the allegations in the Amended Complaint and incorporates that detail by reference. *See* Dkt. No. 8. In summary, and as described by Plaintiff:

Plaintiff initiated this lawsuit after an incident that occurred on July 11, 2024, when

---

[1] Sued herein as Guillermo "Oliver," Vincent "Ballesher," and "Shevax" Thomas, respectively. Dkt. No. 32 at 4; Dkt. No. 26-3 at 3 nn.1-3.

2

> he appeared in Albany County Family Court. Following the court's denial of a petition that Plaintiff had filed, he became visibly upset and frustrated. Plaintiff alleges that he informed the Albany County Family Court officers that he would not leave the premises unless physically removed.
>
> . . . .
>
> As a result of Plaintiff's refusal to leave voluntarily, he was handcuffed, escorted to a secure room within the courthouse, and later transferred into the custody of the Albany County Sheriff's Office[.]

Dkt. No. 32 at 5-6.

### B. Procedural History

Plaintiff commenced this action on August 12, 2024. Dkt. No. 1. On September 19, 2024, United States Magistrate Judge Daniel J. Stewart conducted an initial review of the Complaint pursuant to 28 U.S.C. § 1915(e). Dkt. No. 6 ("Report-Recommendation"). Magistrate Judge Stewart recommended that (i) Plaintiff's numerous claims pursuant to state criminal statues be dismissed; (ii) Plaintiff's claims relating to his alleged medical issues be dismissed, but Plaintiff receive leave to amend his ADA claim; (iii) Albany County be dismissed as a defendant; and (iv) Plaintiff's false arrest allegations receive a response. *Id.* at 4-10. On October 24, 2024, the Court adopted the Report-Recommendation in its entirety. Dkt. No. 8 at 3-5.

The Court then assessed the sufficiency of the Amended Complaint Plaintiff had filed. *Id.* at 5-15. Following this review, the following claims remained and required a response: (i) Plaintiff's amended ADA claim based on his alleged epilepsy; (ii) Plaintiff's new Fourteenth Amendment claims; and (iii) Plaintiff's new claim pursuant to New York State Human Rights Law ("NYSHRL"). *Id.* at 7-15. Finally, the Court found that further leave to amend was not appropriate, given Plaintiff's opportunity to amend and the deficiencies that remained with numerous claims. *Id.* at 15.

### III. STANDARD OF REVIEW

A motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) is properly granted "when the court lacks statutory or constitutional authority to adjudicate it." *Cayuga Indian Nation of New York v. Vill. of Union Springs*, 293 F. Supp. 2d 183, 187 (N.D.N.Y. 2003) (citing *Luckett v. Bure*, 290 F.3d 493, 496 (2d Cir. 2002)). To resolve such a motion, the court "accepts as true all the factual allegations in the complaint and must draw all reasonable inferences in favor of the plaintiff." *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003) (citing *Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton Coll.*, 128 F.3d 59, 63 (2d Cir. 1997)).

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of a party's claim for relief. *Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007). In considering legal sufficiency, a court must accept as true all well-pled facts in the complaint and draw all reasonable inferences in the pleader's favor. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). This presumption, however, does not extend to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to sho[w] that the pleader is entitled to relief," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (alteration in original) (quotation omitted). Under this standard, a pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely

4

consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed," *id.* at 570.

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

IV.   DISCUSSION

   A. Official Capacity Claims

As the Court previously detailed, Eleventh Amendment sovereign immunity bars Plaintiff's claims against Defendant Albany County Family Court. Dkt. No. 8 at 8-10; *see also Gollomp v. Spitzer*, 568 F.3d 355, 366-368 (2d Cir. 2009) (finding the New York State Unified Court System, of which Albany County Family Court is part, entitled to Eleventh Amendment immunity); *Rosenberger v. N.Y. State Off. of Temp. & Disability Assistance*, 153 F. App'x 753, 754 (2d Cir. 2005) (affirming district court's dismissal of claims against Ulster County Family Court on Eleventh Amendment grounds). The Court also determined that, "[t]o the extent that any of the individual Defendants are employees of the Albany County Family Court, rather than the Albany County Sheriff's Office, they may not be sued in their official capacity." Dkt. No. 8 at 10 n.4; *see also Weaver v. N.Y. State Off. of Ct. Admin.*, No. 22-cv-559, 2023 WL 2500390, at *4

5

(N.D.N.Y. Mar. 14, 2023) ("[T]he Eleventh Amendment bars suits arising under § 1983 or New York Human Rights Law against New York, New York agencies, and New York officials sued in their official capacities[.]") (citation omitted).

The parties agree that the Albany County Family Court Officers are, indeed, court employees. *See, e.g.,* Dkt. No. 7 at 1 (alleging the same); Dkt. No. 32 at 5, 8; *Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) ("A district court deciding a motion to dismiss may consider factual allegations made by a *pro se* party in his papers opposing the motion.") (citation omitted); Dkt. No. 26-3 at 5; Dkt. No. 33 at 5; Dkt. No. 26-1; *Weaver*, 2023 WL 2500390, at *3; *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014).

Plaintiff asserts in his opposition to the Motion that his official capacity claims against the Albany County Family Court Officers are nonetheless exempt from sovereign immunity. Dkt. No. 32 at 10-14. As Defendants correctly argue, the Court previously examined numerous exceptions to Eleventh Amendment immunity and determined that none applied to Plaintiff's Section 1983, ADA, and NYSHRL claims against Defendant Albany County Family Court. Dkt. No. 33 at 5-6; *see also* Dkt. No. 8 at 8-10 (discussing, *inter alia*, *Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 112 (2d Cir. 2001)). Plaintiff's arguments identify no error in that analysis and provide no valid basis to reach a different conclusion.

Accordingly, the Court dismisses Plaintiff's Section 1983, ADA,[2] and NYSHRL claims

---

[2] As detailed above, it is now clear that Plaintiff has alleged that the Albany County Family Court Officers are court employees of New York State, not municipal employees of Albany County. Because no defendant is a municipal employee, Plaintiff's ADA claim against Albany County must be dismissed, as well. *Thomas v. Town of Lloyd*, No. 21-cv-1358, 2022 WL 1747650, at *10 (N.D.N.Y. May 31, 2022) ("[T]he municipal defendants cannot be held vicariously liable if there is no anchoring misconduct on the part of their employees. . . . Plaintiff's ADA and Rehabilitation Act claims must therefore be dismissed as to the municipal defendants.") (footnote omitted) (citing *Morales v. City of New York*, No. 13-cv-7667, 2016 WL 4718189, at *7 (S.D.N.Y. Sept. 7, 2016)).

against the Albany County Family Court Officers in their official capacities. *Weaver*, 2023 WL 2500390, at *4; *see also Garcia*, 280 F.3d at 107.

### B. Section 1983 Claims

#### i. Fourteenth Amendment – Deliberate Indifference

"To sustain a claim for deliberate indifference to serious medical needs, a plaintiff must satisfy, first, 'an 'objective prong' showing that the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process,' and second, a subjective prong 'showing that the [defendants] acted with at least deliberate indifference to the challenged conditions.'" *Sims v. City of New York*, 788 F. App'x 62, 63 (2d Cir. 2019) (alteration in original) (quoting *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017)). The Albany County Family Court Officers contend that Plaintiff's allegations fail to satisfy either prong of a deliberate indifference claim against them in their individual capacities. Dkt. No. 26-3 at 8; Dkt. No. 33 at 8. The Court agrees.

With respect to the objective prong, Plaintiff has not alleged that he required, requested, or was refused medical care during his time in custody, nor that any Albany County Family Court Officer interfered with his medical treatment or prescriptions. *See, e.g., Borges v. McPhillips*, No. 20-cv-245, 2024 WL 4442835, at *4 (N.D.N.Y. July 1, 2024) ("In the medical care context, analyzing this objective requirement involves two inquiries: whether the [plaintiff] was actually deprived of adequate medical care, and whether the inadequacy in medical care is sufficiently serious, which in turn requires the court to examine how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the [plaintiff].") (alterations in original) (quoting *Johnson v. Schiff*, No. 17-cv-8000, 2019 WL 4688542, at *11 (S.D.N.Y. Sept. 26, 2019)), *report and recommendation adopted by* 2024 WL 4035929 (N.D.N.Y. Sept. 4, 2024).

With respect to the subjective prong, Plaintiff fails to allege facts that could demonstrate at least deliberate indifference by any Albany County Family Court Officer. *See, e.g., Lara-Grimaldi v. Cnty. of Putnam*, 132 F.4th 614, 632-33 (2d Cir. 2025) ("Thus, a detainee asserting a Fourteenth Amendment claim for deliberate indifference to his medical needs can allege *either* that the defendants *knew* that failing to provide the complained of medical treatment would pose a substantial risk to his health *or* that the defendants *should have known* that failing to provide the omitted medical treatment would pose a substantial risk to the detainee's health.") (quoting *Charles v. Orange Cnty.*, 925 F.3d 73, 87 (2d Cir. 2019)).

Plaintiff alleges that after "Plaintiff's petition was summarily denied by the court without sufficient explanation . . . . Plaintiff addressed the male officers present, indicating that he would not engage with the female court officer who communicated the denial and stating that he would only be removed physically." Dkt. No. 7 at ¶ 12. Plaintiff was then handcuffed. *Id.* The core of Plaintiff's deliberate indifference claim is that his handcuffs should have been removed or adjusted to his satisfaction once he told Albany County Family Court Officers of his alleged epilepsy. Dkt. No. 7 at ¶¶ 13-15. The Court finds these allegations insufficient to state a constitutional claim. Accordingly, the Court grants this portion of the Motion. *Borges*, 2024 WL 4442835, at *4 ("[While] Plaintiff had a serious medical condition involving his heart, he has not established that he was deprived of medical care.").

### ii. Fourteenth Amendment – Procedural Due Process

The Albany County Family Court Officers first argue that to the extent this claim against them in their individual capacities relates to Plaintiff's subsequent detention, such a claim is

governed by the Fourth Amendment and was previously deemed abandoned by this Court.[3] Dkt. No. 26-3 at 12-13. The Albany County Family Court Officers next argue that to the extent that this claim is properly raised under the Fourteenth Amendment, Plaintiff has not alleged their personal involvement in the purported violation. *Id.* at 13-15. Plaintiff responds, generally, that he has adequately alleged both claims. Dkt. No. 32 at 14-16, 18-20. This is one of several portions of Plaintiff's opposition that discusses a case which, despite a seemingly complete citation, the Court has been unable to identify. *Id.* at 16; *see also Dukuray v. Experian Info. Sols.*, No. 23-cv-9043, 2024 WL 3936347, at *4 (S.D.N.Y. Aug. 26, 2024) ("Although the Court acknowledges the difficulties of self-representation, the Court is troubled by Plaintiff's apparent use of artificial intelligent to prepare her opposition brief."). In any event, and as the Albany County Family Court Officers correctly note, Plaintiff's opposition is not responsive to either of their arguments. Dkt. No. 33 at 8-10; *see also Curry Mgmt. Corp. v. JPMorgan Chase Bank, N.A.*, 643 F. Supp. 3d 421, 426 (S.D.N.Y. 2022) ("A party may be deemed to concede an argument by failing to address it in an opposition brief.") (citation omitted).

The Court finds both arguments persuasive. *Wiggins v. Griffin*, 86 F.4th 987, 996 (2d Cir. 2023) ("To establish a Section 1983 violation, a plaintiff must plead (and later prove) that each

---

[3] Plaintiff contends in his opposition brief that he has also stated a claim for retaliation under the First Amendment. Dkt. No. 32 at 22-23. As the Albany County Family Court Officers correctly argue, to the extent the Amended Complaint pled such a claim, it also did not survive this Court's initial review. Dkt. No. 33 at 7-8. Regardless, any such claim is not well pled. For example, Plaintiff argues in conclusory fashion that "after he exercised his right to petition, the Defendants retaliated against him[.]" Dkt. No. 32 at 22. But, as just detailed, the Amended Complaint fails to allege that any Albany County Family Court Officer's actions were motivated or substantially caused by Plaintiff's petition, as opposed to Plaintiff's conduct thereafter, including his subsequent statement that "he would only be removed physically." Dkt. No. 7 at ¶ 7; *see, e.g., Dorsett v. Cnty. of Nassau*, 732 F.3d 157, 160 (2d Cir. 2013) ("To plead a First Amendment retaliation claim a plaintiff must show: (1) he has a right protected by the First Amendment; (2) the defendant's actions were motivated or substantially caused by his exercise of that right; and (3) the defendant's action caused him some injury.") (citation omitted).

defendant was personally involved in the alleged constitutional violation.") (citing *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020)); Dkt. No. 8 at 7 ("[T]he Court finds that Plaintiff has abandoned his claim under the Fourth Amendment."). Accordingly, largely for the reasons set forth by the Albany County Family Court Officers, the Court grants this portion of the Motion.[4]

### C.  NYSHRL Claims

Finally, the Albany County Family Court Officers argue, *inter alia*, that "this Court should decline to exercise supplemental jurisdiction over the NYSHRL claims" against them in their individual capacities. Dkt. No. 26-3 at 17. Plaintiff's opposition brief again includes non-responsive arguments and relies upon two more cases with seemingly complete case citations which the Court has been unable to identify. Dkt. No. 32 at 20-22; *see also Curry Mgmt.*, 643 F. Supp. 3d at 426; *Dukuray*, 2024 WL 3936347, at *4.

"[T]he strong preference in this Circuit is for district courts to decline to exercise supplemental jurisdiction under § 1367(c)(3) when all of the federal claims are dismissed from the suit prior to trial." *Torres v. Faxton St. Lukes Healthcare*, No. 16-cv-439, 2017 WL 11317906, at *4 (N.D.N.Y. Jan. 26, 2017) (citation omitted). The Court has now dismissed Plaintiff's federal claims. *See supra* Section IV.A-B. In this particular case, the Court finds that the relevant factors weigh in favor of declining to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, against all Defendants. *See, e.g., Hu v. City of New York*, No. 22-183, 2023 WL

---

[4] Because Plaintiff has not alleged a viable constitutional claim, his *Monell* claim against Defendant Albany County must also be dismissed. *See, e.g., Demosthene v. City of New York*, 831 F. App'x 530, 534 n.3 (2d Cir. 2020) ("[I]n light of the absence of an underlying constitutional violation, the district court correctly dismissed the claim against the City pursuant to *Monell*[.]") (citations omitted); *Morales v. City of New York*, 752 F.3d 234, 238 (2d Cir. 2014) ("[H]aving properly dismissed [the plaintiff]'s underlying constitutional claims against the individual [ ] defendants, the District Court also properly dismissed his claim against the City . . . for municipal liability under *Monell*.") (citation omitted).

10

3563039, at *3 (2d Cir. May 19, 2023) (summary order) ("[W]e see no reason to disturb the district court's conclusion that this is the 'usual case' in which all federal-law claims have been dismissed before trial and the balance of factors point towards declining to exercise supplemental jurisdiction.") (collecting cases); *Lake v. HealthAlliance Hosp. Broadway Campus*, 738 F. Supp. 3d 208, 221 (N.D.N.Y. 2024) ("In light of the dismissal of plaintiff's federal claims the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims.") (citations omitted). Accordingly, the Court grants this portion of the Motion and dismisses Plaintiff's remaining NYSHRL claims.[5]

## V. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendants' motion to dismiss, Dkt. No. 26, is **GRANTED**, as set forth in Section IV of this Memorandum-Decision and Order; and the Court further

**ORDERS** that Plaintiff's Amended Complaint, Dkt. No. 7, is **DISMISSED without leave to amend**; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules, and close the case.[6]

**IT IS SO ORDERED.**

Dated: August 27, 2025
Albany, New York

_Anne M. Nardacci_
Anne M. Nardacci
U.S. District Judge

---

[5] Largely for the reasons previously detailed, leave to further amend Plaintiff's claims remains unwarranted. Dkt. No. 8 at 15. The Court has already permitted Plaintiff to substantially amend his claims, far beyond what Magistrate Judge Stewart recommended. *See* Dkt. No. 7; *McCray v. Patrolman N.A. Caparco*, 761 F. App'x 27, 30 (2d Cir. 2019) ("District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted.") (citation omitted). Yet numerous substantive defects remain. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

[6] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein.

11